UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TINO MARINO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 8-326-B-S ) |
| COMMISSIONER, MAINE DEPARTMENT OF CORRECTIONS, et al., | ) ) ) |
| Defendants | ) ) ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Tino Marino has brought an action against multiple defendants concerning his treatment by personnel at the Maine State Prison. In his second amended complaint he describes his civil rights counts as being brought under the Fourth and Fourteenth Amendments[1] and he has alleged supplemental state law counts for assault and intentional infliction of emotional distress. Defendant Jeffery King has filed a motion to dismiss. (Doc. No. 24.) I recommend that at this juncture the court deny the motion.

*Discussion*

In Bell Atlantic Corporation v. Twombly the United States Supreme Court explained: "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). Furthermore:

---

[1] (2d Am. Compl. ¶ 1.) In Paragraph 10 of his second amended complaint Marino does cite the Eighth Amendment.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Id. at 555-56 (footnote omitted, emphasis added); see also Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 65 (1st Cir. 2004).

King argues that the only allegations of the complaint that pertain to him concern a September 26, 2006, incident. In his second amended complaint Marino contends that on this date:

> Defendant Corrections Officer Sergeant James O'Farrel, Jr along with Officers Jeffrey King, and Nova Hirsch sexually abused and assaulted by being forced by O'Farrell, Jr King and Hirsch, to grab his genitals in a provocative position and walk down the hall holding his genitals so others including a female guard could see him.

(2d Am. Compl. ¶ 9.)

A.   **42 U.S.C. § 1983 Count**

  1.   **42 U.S.C. § 1997e(e)**

King's principal argument with regards to Marino's 42 U.S.C. § 1983 count is that it is barred by 42 U.S.C § 1997e(e) which provides: "No Federal civil action may be

2

brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (emphasis added).

In responding to King's motion, Marino, who is represented by counsel, argues that this paragraph states a physical assault as much as if King himself was holding Marino's genitals. (Pl.'s Opp'n Mot. Dismiss at 2.) He opines: "Sexual assault by its nature states physical injury. Our sexual parts are but slight, fragile and sensitive y[e]t trauma associated therewith can for example cause erectile dysfunction of [sic] fear to copulate for a lifetime." ( Id. at 2.) He cites Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir. 1997) and Collins v. Graham, 377 F.Supp. 2d 241, 243 (D. Me. 2005). He also relies on Paragraph 25 of his second amended complaint which asserts:

> 25. As a direct and proximate result of the Defendants' respective actions, joint and several, the Plaintiff has been harmed, injured, and damaged in his person, reputation, dignity and self respect, suffered physical injury, severe mental and emotional post traumatic distress, medical treatment and loss of life's enjoyment and is likely to continue suffering such injuries and damages.

(2d Am. Compl. ¶ 25) (emphasis added).[2] In a footnote Marino predicts: "It is anticipated that Plaintiff will submit evidence, when substantiated more fully, that he suffered a panic attack to the degree that the medical staff believed he had had a heart attack and treated him for it." (Pl's Opp'n Mot. Dismiss. at 3 n.1.) He then states: "Even were pain a necessary allegation, taking the pleadings in the light most favorable to the plaintiff, serious pain is alleged." (Id. at 3) (emphasis added). Marino muddles the distinction between physical pain and physical injury. He first correctly notes that

---

[2] Marino actually cites to Paragraph 17 which refers to an earlier version of his complaint.

§ 1997e(e) requires physical injury and not physical pain. (Pl.'s Opp'n Mot. Dismiss at 1.) He then asserts in defense of his claim that physical pain can be inferred. (Id. at 2.)

It is evident by the plain (as opposed to pain) language of § 1997e(e) that actual physical injury is a predicate for the recovery of mental or emotional injury damages by a plaintiff in Marino's position as an incarcerated plaintiff. Even assuming that Marino was treated for a panic attack that medical personnel worried was a heart attack, this would not satisfy the physical injury requirement of § 1997e(e). See, e.g., Pearson v. Welborn, 471 F.3d 732, 744 (7th Cir. 2006); Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir.2001); Davis v. District of Columbia, 158 F.3d 1342, 1349 (D. C. Cir. 1998). With regards to Marino's hypothesis about possible sexual function conditions in the future stemming from a psychological experience, this speculation will not suffice to survive a dismissal of a compensatory damages claim based on the conduct alleged. See Herman, 238 F.3d at 666; Hawkins v. Trents Flying Serv., No. 01-11414, 2002 WL 1899587, 1 (5th Cir. July 9, 2002) (unpublished).

However, in his 'wherefore clause' pertaining to this 42 U.S.C. § 1983 count Marino does request punitive damages. See Hutchins v. McDaniels, 512 F.3d 193, 198 (5th Cir. 2007); Oliver v. Keller, 289 F.3d 623, 629 -30 (9th Cir. 2002); Thompson v. Carter, 284 F.3d 411, 418 (2d Cir. 2002); Mitchell v. Newryder, 245 F.Supp.2d 200, 205 & n. 4 (D. Me. 2003) (Singal, J. adopting recommended decision) (collecting cases). While courts have split on this issue, the trend appears to be that a claim for punitive damages is not dependent upon the actual physical injury requirement and, therefore, if the complaint otherwise states a claim it would survive dismissal at this juncture.

## 2. Statement of the Eighth Amendment Claim

With respect to the statement of an Eighth Amendment Claim against King, the First Circuit summarized in Skinner v. Cunningham:

> The framework for analyzing such claims was set forth by the Supreme Court in Whitley v. Albers, 475 U.S. 312 (1986), and Hudson v. McMillian, 503 U.S. 1 (1992). Generally speaking, "[a]fter incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley, 475 U.S. at 319 (internal quotation marks omitted). The critical question in such a case is whether the force was applied "maliciously and sadistically for the very purpose of causing harm," id. at 320-21, rather than "in a good-faith effort to maintain or restore discipline." Hudson, 503 U.S. at 7.

430 F.3d 483, 488 (1st Cir.2005).

Boddie v. Schnieder, relied on by Marino, cuts both ways for Marino, even though I credit that he has sufficiently alleged a context in which an order by prison officers to perform such an act on oneself is tantamount to the application of direct force or contact. In Boddie the Second Circuit explained in some depth vis-à-vis a direct application of force or contact:

> Because sexual abuse by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims.
> Sexual abuse may violate contemporary standards of decency and can cause severe physical and psychological harm. See, e.g., Women Prisoners of the District of Columbia Dep't of Corrections v. District of Columbia, 877 F.Supp. 634, 664-67 (D.D.C.1994); Jordan v. Gardner, 986 F.2d 1521, 1524-31 (9th Cir.1993) (en banc). For this reason, there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be "objectively, sufficiently serious" enough to constitute an Eighth Amendment violation. Cf. Rhodes, 452 U.S. at 347 (noting that the list of conditions held cruel and unusual by the Supreme Court is not exclusive). Moreover, like the rape of an inmate by another inmate, sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is "simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer, 511 U.S. at 834, 114 S.Ct. at 1977 (citation and internal quotation marks omitted); see also id. ("[The] rape of one prisoner by another serves no legitimate penological objective,

any more than it squares with evolving standards of decency.") (citations and internal quotation marks omitted).

The subjective element of the Eighth Amendment test may also be met by claims of sexual abuse. Where no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind. See Hudson v. McMillian, 503 U.S. 1, 6-7, 112 (1992). It is therefore apparent, even without considering exactly what mens rea is necessary to show a "wanton" state of mind for a claim of sexual abuse, that a prison official who sexually abuses a prisoner can be found to have a sufficiently culpable state of mind to violate the prisoner's constitutional rights.

Accordingly, allegations of sexual abuse may meet both the subjective and the objective elements of the constitutional test, thereby stating an Eighth Amendment claim under Section 1983. However, we agree with the district court that Boddie nevertheless failed to state an Eighth Amendment claim. He asserts a small number of incidents in which he allegedly was verbally harassed, touched, and pressed against without his consent. No single incident that he described was severe enough to be "objectively, sufficiently serious." Nor were the incidents cumulatively egregious in the harm they inflicted. The isolated episodes of harassment and touching alleged by Boddie are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court. See Farmer, 511 U.S. at 833-34; cf. Rhodes, 452 U.S. at 348-349 & 348 n. 13 (recognizing that not every deviation from an "aspiration toward an ideal environment for long-term confinement" amounts to a constitutional violation).

105 F.3d 857, 861 -862 (2d Cir. 1997) (emphasis added).

Judge Carter's Collins v. Graham  is also cited by Marino. Therein the Court stated:

"[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' " that is forbidden by the Eighth Amendment. Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir.1997) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)) (internal quotation marks omitted). In the instant case, Plaintiff's claim of sexual harassment and hazardous living conditions are predicated on three factual allegations: (1) statements made to him about sexual acts; (2) an attempt to grab him in a sexual manner; and (3) exposure to a correction officer's genitalia. The Court will consider each in

6

turn and will conclude that none of Plaintiff's allegations state a claim supporting a constitutional violation.

377 F.Supp.2d 241, 243 (D. Me. 2005). With regards to the attempt to grab and the exposure of genitalia claim, the Court reasoned:

> **b. Attempted Physical Contact**
> Plaintiff next asserts a constitutional violation based upon Corrections Officer Greenwald's attempt to grab Plaintiff in a sexual manner. Plaintiff does not allege that Defendant Greenwald in fact touched him; instead, Plaintiff merely alleges that Defendant Greenwald *tried* to grab him. Plaintiff's claim is not sufficiently serious to support a constitutional violation, and there is no allegation whatsoever that Plaintiff experienced pain or injury. It is well established that not even "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9 (1992); see also Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir.1997) (inmate's allegations of excessive physical force-that he was bumped, grabbed, elbowed, and pushed-do not support an Eighth Amendment claim). Because not every physical touching constitutes a constitutional violation, it follows that an attempted touching-with no accompanying allegation of pain or injury-cannot support a claim of constitutional injury. Consequently, Plaintiff's allegation against Defendant Greenwald cannot form the basis for a section 1983 claim.
> **c. Exposure to Genitalia**
> Plaintiff's allegation that Corrections Officer John Doe exposed his testicles to Plaintiff similarly does not state a claim because it does not meet the "unnecessary and wanton infliction of pain" standard. Whitley, 475 U.S. at 319; accord Austin, 367 F.3d at 1172 (corrections officer exposing his penis to inmate for 30-40 seconds was not sufficiently serious to constitute a constitutional violation because correction officer never physically touched inmate); Joseph v. United States Fed. Bureau of Prisons, No. 00-1208, 2000 WL 1532783, at *1 (10th Cir. Oct.16, 2000) (corrections officer exposing her breasts to inmate was not "objectively, sufficiently serious to demonstrate a use of force of a constitutional magnitude") (internal punctuation omitted).

377 F.Supp.2d at 244.

Given the ruling in these two cases -- both addressing motions to dismiss -- it really is hard to fathom why Marino would think that he should rely on them to defend against King's motion to dismiss. But this also cuts both ways for the King because we

7

do not know from the allegations of Marino's complaint the context of the march down the hallway and whether or not there was a penological reason involved. If in the end King's entire involvement is limited to nothing more than an isolated incident of harassment, in all probability there is no harm of constitutional proportion alleged as to King. However, that determination is dependent upon the development of a more sufficient record. Therefore, it is my conclusion that the motion to dismiss should be denied to the extent it seeks dismissal for failure to state a claim.

**3. Attempt to Argue that the Allegations Implicate King in a "Course of Action" Making him Liable for the Conduct of Other Defendants**

Marino also argues that King has unfairly isolated the complaint allegation that expressly mentions him from the later averments which (while not mentioning King) "show a course of conduct which King was a part where further physical assaults were committed by officers Kenyon, Tripp and Prevot, in retaliation for Plaintiff's complaining about King." (Pl.'s Opp'n Mot. Dismiss at 1.) In addition to Paragraph 9, be cites to Paragraphs 10 through 12 of his second amended complaint in support of this theory: These read:

> 10. The Plaintiff Tino Marino was as a direct and proximate result caused public humiliation by cruel and abusive actions amounting to psychological torture and using excessive force in violation of the 4th, 8th, 14th Amendments to the Constitution of the United States of America and Article One, Sections 5, 6, 6-A, 9 of the Constitution, State of Maine.
> 11. On or about September 27, 2006, the Plaintiff filed a grievance with the Prison system and filed Notice of Claim with copy to Diane Sleek, Esq., Assistant Attorney General and Warden Jeffrey Merrill.
> 12. Plaintiff was actually discouraged thereafter from pursuing grievances, including a personal instruction from Warden Jeffrey Merrill not to write any more grievances, and entrance into his cell by Correctional Officers Clarence Tripp and Regis Prevot who physically abused him and tore up his Grievances and Notices of Claim.

(2d Am. Compl. ¶¶ 10-12.)

8

I gather that Marino is attempting to allege that King was part of a conspiracy to retaliate against Marino for his filing of a grievance regarding the September 26, 2006, incident. With respect to conspiracy allegations, "[i]n applying these general standards to a § 1 [Sherman Act] claim," the Twombly Court held "that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." 550 U.S. at 556 (footnote omitted, emphasis added).[3] Viewing these pleadings liberally, Marino has raised such plausible grounds.

**B.    State Law Claims**

King also requests that this court dismiss the state law claims for failure to state a claim, or, in the alternative decline to exercise supplemental jurisdiction over them should the federal claim against him be dismissed. (Mot. Dismiss at 3.)

For his part, Marino argues:

> [T]o grab a person's genitals and parade them about, whether done by force of violence, or by using their own body, as instrumentality, is obviously physically violent. "A person has committed battery if the

---

[3]    The application of the Twombly pleading standard to these conspiracy-premised federal civil rights and state law counts is not an easy task. The majority view among federal courts nation-wide is that Twombly is not limited to Sherman Act anti-trust cases but that its message of identifying a non-speculative, 'plausible basis' for relief in the complaint allegations as to each defendant must be tailored to the theories of liability at issue in the case. See, e.g., Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008) (trademark action); Phillips v. County of Allegheny, 515 F.3d 224, 230 -235 (3d Cir. 2008) (42 U.S.C. § 1983 state-created danger claim). The Second Circuit thoroughly explored the language and reach of Twombly in Iqbal v. Hasty, 490 F.3d 143, 153-59 (2nd Cir. 2007) , there addressing the question of the specificity required to plead sufficient facts to meet a qualified immunity defense. The Supreme Court granted certiorari, Ashcroft v. Iqbal, 128 S.Ct. 2931 (2008) and the transcript of the December 10, 2008, oral argument illustrates that the question raised in the lower courts about the reach of Twombly are legitimate. See Ashcroft v. Iqbal, No. 07-1015, 2008 WL 5168391 (Dec. 10. 2008). Thus, the Supreme Court will be providing some guidance on the non-Sherman Act application of Twombly by the end of this term.

> person acts intending either to cause contact with another person or to cause apprehension of such a contact, *and* if the act results in harmful or offensive contact, directly or indirectly." Maine Civil Remedies, 4th Ed, Andrew M. Horton, Peggy L. McGehee (Tower 2004) at 348. See generally Maine Civil Remedies, §§ 17-1(b) et seq. Cf. Paradis v Judkins, 123 Me. 270, 271-72, 122 A. 632 (1923) (chain stretched across road).
>
> Intentional Infliction of Emotional Distress. Paragraph 23 of the Amended Complaint restates the averments of Paragraphs 1 to 22, and particularly Paragraphs 8 and 17. Defendant appears to argue further that the stress engendered by "sexual assault" and "psychological torture" (Amended Complaint ¶ 8) are conduct "a reasonable person, normally constituted, would be able to cope with adequately. Cf Holland v. Sebunjya, 2000 ME 160, 759 A2d 205.

(Pl.'s Opp'n Mot. Dismiss at 3-4.) In his reply brief King relies solely on the assertion that the court should dismiss the state law claims because the court would no longer have jurisdiction over them if it dismissed the federal count against King. (Reply Mem. at 4.)

The sources cited by King in his motion to dismiss the assault count -- Stearns v. Sampson, 59 Me. 568, 575-76 (1871) and Simmons, Zillman & Gregory, Maine Tort Law § 104 (2004 ed.) -- do not convince me that his allegations pertaining to the September 26, 2006, incident do not state a claim for assault. And all the litigated facts may not bare it out, but Paragraph 9 also sufficiently pleads a claim for intentional infliction of emotional distress under Twombly and Erickson v. Pardus, 551 U.S. 89, __ 127 S.Ct. 2197, 2200 (2007). See Ludden v. Sprague Energy Corp., No. Civ. 05-196-B-W, 2006 WL 173638, 4 -5 (D. Me. 2006)(recommended decision) .

Whether or not the court will exercise supplemental jurisdiction over the state law claims in the event that it ultimately resolves the 42 U.S.C. § 1983 count in the favor of all the defendants remains to be seen. What is clear is that it would be inappropriate to dismiss the state law claims on the grounds of not exercising supplemental jurisdiction as against King at this juncture, even if the court were to dismiss the § 1983 count as it

pertains to him.  The other defendants have not moved for dismissal and the case will plainly remain on this court's docket.  Based on King's submissions there is no reason to decline to exercise supplemental jurisdiction over the state law claims against him.

## Conclusion

Based upon the foregoing, I recommend the Court deny the motion to dismiss as to the 42 U.S.C. § 1983 claim and as to the state law claims.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 28, 2009